```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :    SEALED ORDER
                                       :
          - v. -                       :    25 Cr. ___ (RA)
                                       :
JEFFREY DE LAVEAGA,                    :
                                       :
                    Defendant.         :
- - - - - - - - - - - - - - - - - - - x
```

WHEREAS, an application has been made by the United States of America, with the consent of the defendant, for the temporary sealing of filings and other docket entries in the above-captioned case, and the captioning of the case as <u>United States v. John Doe</u> in the public docket; and

WHEREAS, the Court finds that active law enforcement investigations may be compromised if this application is not granted;

IT IS HEREBY ORDERED that filings in the above-captioned case be filed under seal, and the case shall be captioned as United States v. John Doe in the public docket, until further order by this Court; and

1

IT IS FURTHER ORDERED that no docket entries shall be made in the above-captioned matter until further order by this Court; and

IT IS FURTHER ORDERED that counsel for the defendant and the Government may be provided a copy of the transcript of the proceedings without further Order of the Court.

SO ORDERED:

Dated:  New York, New York
        March 25, 2025

_____
THE HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 

------------------- x
:
UNITED STATES OF AMERICA           :    **SEALED AFFIRMATION**
                                   :    **AND APPLICATION**
          - v. -                   :
                                   :    25 Cr. ___ (RA)
JEFFERY DE LAVEAGA,                :
                                   :
          Defendant.               :
                                   :
------------------- x

    MATTHEW R. SHAHABIAN hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

    1.    I am an Assistant United States Attorney in the office of Matthew Podolsky, Acting United States Attorney for the Southern District of New York, and I am one of the prosecutors responsible for the prosecution in the above-referenced case.

    2.    On March 25, 2025, the above-captioned defendant, (the "defendant") intends to waive indictment and plead guilty to a four-count information (the "Information") against him.

    3.    By this affirmation, the Government applies for an order of the Court directing that filings and other docket entries in the above-captioned case be filed under seal, and that the case be captioned <u>United States v. John Doe</u> in the public docket.

1

4. Prior to the filing of the Information, the defendant, through counsel, conveyed a desire to cooperate with the Government. Since that time, the defendant has been cooperating with the Government and has met with prosecutors and members of law enforcement for multiple lengthy proffer sessions. During those meetings, the defendant provided information about his conduct in the charged conduct and the activities of his co-conspirators. Based on this information and additional law enforcement investigation, the Government has identified other individuals who also engaged in the conspiracy to commit securities fraud and wire fraud, substantive securities fraud and wire fraud, and aggravated identity theft charged in the Information.

5. The Government understands that on March 25, 2025, the defendant is planning to waive indictment and plead guilty to the Information, pursuant to a cooperation agreement with the Government. Should the Information, any accompanying documents, or a transcript of the plea proceeding related to this case or the filing of the Information be made public, it would notify other investigative targets that the defendant is cooperating with the

Government, and there is a risk that the defendant's former criminal associates or others may destroy evidence and flee.

6. Compelling security and law enforcement interests support an order directing that filings and other docket entries in this case be made under seal. Exposure of the defendant's cooperation would hinder law enforcement officials' ability to continue their investigations of various individuals who have yet to be charged with criminal offenses and about whom the defendant has proffered information. An order sealing the transcript of the proceeding on March 25, 2025, and delaying all docket entries in the above-captioned case would greatly reduce the risk that the defendant's ongoing cooperation with the Government will be exposed.

7. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts. See *United States v. Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e)

& advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. *See United States v. Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under the pseudonym "John Doe," and sealing all filings in the case, is equivalent to making a sealed entry in the docket sheet.

8.  De Laveaga's cooperation and the charges against him will not be kept sealed indefinitely, however. The Government anticipates that, if De Laveaga's efforts to assist lead to the arrest and prosecution of other targets of this investigation, the filings in this case may be unsealed, and the docket sheet could reflect the true caption of this case. At that time, the Government will move this Court for an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

9.  Accordingly, the Government requests that all filings and other docket entries in the above-captioned case,

4

including this Affirmation and any order issued in connection with it, be filed under seal, and that the case be captioned <u>United States v. John Doe</u> in the public docket, until further order of the Court.

10. No prior request for this specific relief has been made and defense counsel has consented to this application.

Dated: New York, New York
March 25, 2025

Matthew R. Shahabian
Assistant United States Attorney
Southern District of New York
(212) 637-1046

5