UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JEFFREY DE LAVEAGA

**Consent/Proposed Order of Restitution**

25 Cr. 127 (RA)

---

Upon the application of the United States of America, by its attorney, James M. McDonald, United States Attorney for the Southern District of New York, Courtney Heavey and Matthew Shahabian, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One through Four of the Information; all other proceedings in this case and in the related matter of *United States v. Randy Miller*, et al., 25 Cr. 138 (LAK) (the "*Miller* Matter"); and the consent of the defendant, Jeffrey De Laveaga, by his attorneys Andrew Pacheco and Shaheen Torgoley, Esq., it is hereby ORDERED that:

**1. <u>Amount of Restitution</u>**

Jeffrey De Laveaga, the defendant, shall pay restitution in the total amount of $2,282,603.56, pursuant to 18 U.S.C. §§ 3663 and 3663A, to the victims of the offenses charged in Counts One through Three. This amount consists 1% of the $228,260,356.19 loss amount determined by the Court in the *Miller* Matter. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

**A. Joint and Several Liability**

Pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victims' losses and the economic circumstances of each



Scanned with CamScanner

defendant. The defendant's joint and several liability is capped at 1% of the total amount of restitution owed to victims. Restitution payments by Randy Miller and Chad Miller (25 Cr. 138), and Jeffrey Puzzullo (25 Cr. 188) shall be credited against the total outstanding restitution amount, such that no victim may recover more than the amount specified in the Schedule of Victims.

**B. Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

**2. <u>Schedule of Payments</u>**

Pursuant to 18 U.S.C. § 3664(f)(2) (incorporating § 3572), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due immediately; however, in the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The schedule is as follows:

The defendant will pay $50,000 immediately, payable out of the funds the defendant has deposited with the Clerk of the Court in connection with the bond securing his pretrial release, pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3611.

The defendant will thereafter commence monthly installment payments of at least 10% percent of the defendant's gross income, or $250, whichever is greater, payable on the first of each



Scanned with CamScanner

month, except that while the defendant serves a term of imprisonment, the required installment payments may be made through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Program (IFRP), subject to 18 U.S.C. § 3664(n).

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted.

Pursuant to 28 U.S.C. § 2044 and 18 U.S.C. § 3611, any money belonging to and deposited by the defendant with the Clerk of Court for the purposes of a criminal appearance bail bond shall be applied to the payment of restitution, except that such application shall not take effect until such time as the defendant commences service of the incarceration portion of the sentence, to the extent such sentence includes incarceration and the defendant is not in custody.

3. **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his/her name and the docket number of this case on each check or money order.

4. **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any



Scanned with CamScanner

material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

5. **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.



Scanned with CamScanner

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: MATTHEW SHAHABIAN Digitally signed by MATTHEW SHAHABIAN Date: 2026.10.28 09:14:05 -04'00'
Matthew R. Shahabian
Courtney Heavey
26 Federal Plaza
New York, NY 10278
Tel.: (212) 637-1046 / 2413

DATE

JEFFREY DE LAVEAGA

By:
JEFFREY DE LAVEAGA

10/20/2026
DATE

By:
Andrew Pacheco, Esq.
Shaheen Torgoley, Esq.
Counsel for Jeffrey De Laveaga

10/27/2026
DATE

SO ORDERED:

HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

October 30, 2026
DATE



Scanned with CamScanner